UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | * |
| MICHAEL J. GURRY, RICHARD M. SIMON, SUNRISE LEE, JOSEPH A. ROWAN, and JOHN KAPOOR, | *  Criminal Action No. 16-cr-10343-ADB |
| | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF GRAND JURY MATERIALS**

BURROUGHS, D.J.

Currently pending before the Court is Defendants' motion to compel disclosure of the legal instructions the Government provided to the grand jury. [ECF No. 547]. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

### A. The Indictment

On September 11, 2018, a grand jury returned the Second Superseding Indictment ("SSI") against Defendants Michael Babich, Alec Burlakoff, Michael Gurry, Richard Simon, Sunrise Lee, Joseph Rowan, and John Kapoor, charging them with engaging in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). [ECF No. 419].

The following allegations are drawn from the SSI. [ECF No. 419]. The Defendants held executive management positions at Insys Therapeutics, Incorporated ("Insys"), a pharmaceutical company that manufactured, marketed, and sold a fentanyl spray called Subsys. [ECF No. 419 ¶¶ 16–22]. Insys constitutes the enterprise underlying the RICO conspiracy. [Id. ¶ 1]. From about May 2012 through about December 2015, the Defendants and their co-conspirators sought

to increase profits for the enterprise and for themselves by conducting the affairs of the enterprise including through bribes, fraud, and the illicit distribution of Subsys in violation of 18 U.S.C. § 1962(d).  [Id. ¶¶ 23, 26].  As part of the conspiracy, Defendants and their co-conspirators agreed that a co-conspirator would commit at least two acts of racketeering activity, including mail fraud, wire fraud, honest services fraud, and offenses involving the distribution of controlled substances.  [Id. ¶¶ 24–25].

### A.   Defendants' Motion

Defendants argue that allegations omitted from the SSI demonstrate that the prosecution improperly instructed the grand jury either on the law regarding the alleged predicate crimes or on the law of RICO conspiracy generally.  [ECF No. 548 at 1].  They believe that they should be able to review the Government's legal instructions to determine if these contentions have merit.  [Id. at 2, 4–5].

Defendants make three arguments about the omitted allegations.  First, they contend that the SSI fails to allege "that Defendants *agreed* with alleged co-conspirator practitioners to divert Subsys for the purpose of non-medical or 'street' usage" [id. at 6] and that such an omission indicates that the Government "misunderstand[s] . . . the proof needed to show a [Controlled Substances Act ("CSA")] violation" and consequently "erroneously instructed the grand jury on the elements of a CSA violation" [id. at 7].  Second, Defendants argue that the SSI does not allege "the source of the fiduciary duty" underlying the honest services fraud claims [id. at 8] or "that Defendants intended for practitioners to deceive anyone" [id. at 9] and that such omissions suggest that the Government gave the grand jury incorrect instructions regarding honest services fraud.  Third, Defendants assert that the SSI fails to aver "that Defendants agreed for anyone to affirmatively lie to insurance companies about the financial arrangement between Insys and

practitioners, or that anyone at Insys concealed that information from insurers" [id. at 10] and that such omissions imply that "prosecutors misinstructed the grand jury that an omission without more can constitute a scheme to defraud" [id. 9–10].

### B.  Government's Opposition

The Government responds that the SSI is legally sufficient and that Defendants have not met their burden of showing a particularized need that would justify production of the legal instructions to the grand jury.  [ECF No. 611 at 1–2].  Specifically, the Government argues that the SSI is "facially valid because it pleads the elements of RICO conspiracy" [id. at 6–7] and that such elements do not include an agreement by Defendants "that a conspirator would commit *each* of the specified types of racketeering acts" [id. at 8–10] or "that *some* conspirator commit each element of those offenses" [id. at 10 (internal quotations omitted)].  The Government also contends that it "was not required to allege the elements of the predicate racketeering acts in the indictment" and that such an omission does not indicate that the grand jury was improperly instructed regarding those predicate crimes.  [Id. at 11–12].

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Criminal Procedure 6(e) imposes an absolute obligation of secrecy regarding grand jury proceedings, with some very limited exceptions.  Fed. R. Crim. P. 6(e). One of these exceptions provides that the court "may authorize disclosure . . . of a grand jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Id. 6(e)(3)(E)(ii).

"The Supreme Court has repeatedly recognized the importance of secrecy in grand jury proceedings even after . . . the grand jury has concluded its function."  United States v.

3

McMahon, 938 F.2d 1501, 1504 (1st Cir. 1991) (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)).  The Court has further accepted that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."  Douglas Oil, 441 U.S. at 218.

The party requesting access to grand jury materials bears the burden of demonstrating a "particularized need" for the materials.  United States v. George, 839 F. Supp. 2d 430, 437 (D. Mass. 2012).  Specifically, a party seeking grand jury materials under Rule 6(e) must show: "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."  Douglas Oil, 441 U.S. at 222.  Speculative allegations of impropriety are not sufficient to meet this burden; rather, the requesting party must establish that "particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for dismissal of an indictment."  United States v. Rodriguez-Torres, 570 F. Supp. 2d 237, 242 (D. P.R. 2008).

**B.    Analysis**

Applying the foregoing principles here counsels against requiring production of the legal instructions to the grand jury because Defendants' arguments do not rise beyond the level of "mere speculation" and do not set out the "particularized need" necessary to justify disclosure.  See George, 839 F. Supp. 2d at 437; Rodriguez-Torres, 570 F. Supp. 2d at 242.  While Defendants have structured their request to cover only material needed and the considerations justifying secrecy are less relevant given the material requested[1] and the prior production of

---

[1] As this Court has stated previously, "[l]egal instructions provided by prosecutors do not implicate any of the concerns cited in support of grand jury secrecy."  United States v. Facteau, No. 1:15-cr-10076-ADB, 2016 WL 4445741, at *4 (D. Mass. Aug. 22, 2016).  There may be cases where production of the grand jury legal instructions during the discovery process will be warranted "[g]iven the length of time that it takes a case to get

4

"all—or nearly all—of the underlying grand jury testimony" [ECF No. 548 at 2], Defendants fail to meet their burden in showing "that the material they seek is needed to avoid a possible injustice in another judicial proceeding." See Douglas Oil, 441 U.S. at 222.

Defendants focus their argument on the perceived shortcomings of the SSI, which they also catalog in their motion to dismiss [ECF No. 514]. They do not identify any line of questioning before the grand jury that was improper or any statements by the Government to the grand jury that incorrectly stated the law. See United States v. Stevens, 771 F. Supp. 2d 556, 567 (D. Md. 2011) (allowing production of grand jury instructions where transcripts showed a discussion between a grand juror and the prosecution that left "little doubt that the instruction given the grand jury . . . was erroneous").

As described more fully in the Order denying Defendants' motion to dismiss, Defendants premise their allegations concerning the SSI on the incorrect legal argument that an indictment for a RICO conspiracy under 18 U.S.C. § 1962(d) must allege that Defendants agreed and intended that they or a co-conspirator would commit each underlying element of the predicate crimes. [ECF No. 682 at 6–7]. Defendants argue that the SSI fails to allege: "that Defendants *agreed* with alleged co-conspirator practitioners to divert Subsys for the purpose of non-medical or 'street' usage" [ECF No. 548 at 6]; "the source of the fiduciary duty" underlying the honest services fraud claims [id. at 8]; "that Defendants intended for practitioners to deceive anyone" [id. at 9]; or "that Defendants agreed for anyone to affirmatively lie to insurance companies about the financial arrangement between Insys and practitioners, or that anyone at Insys concealed that information from insurers" [id. at 10]. None of these allegations is required for

---

to trial, the stigma and harm done to a defendant simply by virtue of being indicted, even if later acquitted, and the largely unfettered power of the grand jury." Id. at *5. Here, however, where there is a facially valid indictment, no showing of particularized harm, and with trial less than two weeks away, there is no basis for requiring their disclosure.

the SSI to be legally sufficient [ECF No. 682 at 6–7], and their absence does not imply that the legal instructions provided to the grand jury were incorrect.

In addition, the SSI fairly and correctly states each required element of the crime of RICO conspiracy.  [ECF No. 682 at 4–9].  Where the SSI is facially valid and Defendants' claims do not justify dismissal of the SSI, Defendants have not established the requisite particularized need to justify disclosure of the grand jury instructions.  United States v. Singhal, 876 F. Supp. 2d 82, 99 (D.D.C. 2012); see George, 839 F. Supp. 2d at 437 (denying request for production of grand jury legal instructions where "the plain words of the . . . charge were sufficient to apprise the [grand] jury of the necessary legal elements . . . ."); see also Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased jury, . . . if valid on its face, is enough to call for trial of the charge on the merits.").

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to compel [ECF No. 547] is DENIED.

**SO ORDERED.**

January 17, 2019                                                          /s/ Allison D. Burroughs
                                                                          ALLISON D. BURROUGHS
                                                                          U.S. DISTRICT JUDGE