IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MICHAEL GURRY, RICHARD M. SIMON, SUNRISE LEE, JOSEPH A. ROWAN, and JOHN KAPOOR,
*Defendants*.

No. 16-cr-10343-ADB

**DEFENDANT RICHARD M. SIMON'S MOTION FOR LEAVE TO SUPPLEMENT HIS PENDING MOTION FOR NEW TRIAL**

Defendant Richard M. Simon respectfully requests leave of this Court to file a supplemental memorandum on or before October 4, 2019, in support of his pending motion for new trial pursuant to Fed. R. Crim. P. 33, so that Mr. Simon may raise an emergent, constitutional issue that the attorneys from Weil, Gotshal & Manges LLP ("Weil"), who represented him at trial, had a conflict of interest.

As grounds for this motion, Mr. Simon states as follows:

1. On July 15, 2019, *The Wall Street Journal* published an article concerning "conflict issues for Weil Gotshal" arising from the firm's dual role in this criminal case and Insys's related bankruptcy proceeding. *See* P. Brickley, "Insys Bankruptcy Raises Conflicts Issues for Weil Gotshal," *The Wall Street Journal* (July 15, 2019), *available at* <https://www.wsj.com/articles/insys-bankruptcy-raises-conflicts-issues-for-weil-gotshal-11563222129>. The *WSJ* reported:

> While one team of lawyers at Weil Gotshal & Manges LLP was guiding opioid maker Insys Therapeutics Inc. through

> a thicket of legal and financial troubles, others at the firm were defending a former Insys sales director against federal racketeering charges in Boston.
>
> *Now Insys is in bankruptcy, former sales chief Richard Simon has been convicted, and Weil Gotshal is still representing both the company, which helped to get Mr. Simon convicted, and Mr. Simon, who is trying to win a post-trial acquittal. . . .*
>
> Weil Gotshal made $750,000 for defending Mr. Simon, the former sales executive, who was found guilty in May along with Insys co-founder John Kapoor and other former Insys leaders, recent court filings show. Before the bankruptcy filing, Insys paid Weil Gotshal more than $8 million for corporate advice, including $3.6 million in advance payment of chapter 11 fees. . . .
>
> Weil Gotshal said that going forward, any matters involving Mr. Simon will be handled by a different law firm.

*Id*. (emphasis added).

2. The *WSJ*'s reporting appears to be based on events that only became public after the jury returned its guilty verdict against Mr. Simon on May 2, 2019.

3. Specifically, on June 5, 2019, the U.S. Attorney's Office announced:

> Opioid manufacturer Insys Therapeutics agreed to a global resolution to settle the government's separate criminal and civil investigations, the Department of Justice announced today. As part of the criminal resolution, Insys will enter into a deferred prosecution agreement with the government, Insys's operating subsidiary will plead guilty to five counts of mail fraud, and the company will pay a $2 million fine and $28 million in forfeiture. As part of the civil

> resolution, Insys agreed to pay $195 million to settle allegations that it violated the False Claims Act.

DOJ Press Release, "Insys Therapeutics Agrees to Enter into $225 Million Global Resolution of Criminal and Civil Investigations" (June 5, 2019), *available at* <https://www.justice.gov/usao-ma/pr/insys-therapeutics-agrees-enter-225-million-global-resolution-criminal-and-civil>; *see also United States v. Insys Therapeutics, Inc. et al.*, No. 19-cr-10191-RWZ (D. Mass.).

4. Under DOJ policy, commonly called the "Yates Memo," in order to qualify for such a deferred prosecution agreement, Insys would necessarily, over many months or years, have acted in effect as a cooperating witness, providing the government with relevant information and evidence about individuals alleged to have been involved in corporate misconduct. *See* DOJ Mem., "Individual Accountability for Corporate Wrongdoing" (Sept. 9, 2015), *available at* <https://www.justice.gov/archives/dag/file/769036/download>. Consistent with that policy, the DOJ's June 5, 2019, press release concerning Insys's settlement of the criminal and civil investigations noted the company's "extensive cooperation . . . in the prosecution of culpable individuals," such as Mr. Simon. At the July 10, 2019, sentencing hearing for Insys Pharma, Inc., the operating subsidiary of Insys Therapeutics, Inc., that pleaded guilty as part of the company's global resolution, the DOJ further lauded Insys's active cooperation against its former employees:

> Very early on in our discussions with Insys, they recognized the wrongdoing and began cooperating with our investigation. They assisted – they provided substantial assistance in our – in our prosecution of eight individuals, executives with the company, all of whom – five were convicted after trial.

Sentencing Tr., *United States v. Insys Therapeutics, Inc. et al.*, No. 1:19-cr-10191-RWZ (D. Mass.) at 9-10 (ECF #24) (emphasis added). Of course, one of the five defendants whom the government convicted at trial – with Insys's substantial assistance – was Mr. Simon.

5. Meanwhile, on June 10, 2019, Insys Therapeutics, Inc. and six affiliated companies filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under Chapter 11 of the United States Bankruptcy Code. *See In re Insys Therapeutics, Inc*., No. 19-11292 (Bankr. D. Del.). Weil represents Insys in the bankruptcy proceedings, and on information and belief, Weil's engagement necessarily pre-dated Insys's bankruptcy filing by many months or even years.

6. The bankruptcy proceedings are inextricably related to, and were apparently negotiated as a critical component of, the global resolution between the Insys and DOJ. It was no coincidence that, "very shortly after the Rule 11 hearing," when Insys Pharma, Inc. pleaded guilty and Insys Therapeutics, Inc. entered into a deferred prosecution agreement with the DOJ, "Insys filed for bankruptcy protection." Sentencing Tr., *supra*, at 10. At the sentencing hearing, attorneys from Covington & Burling LLP, who represented Insys in the criminal and civil matters, explained the connection as follows:

> [Insys] filed bankruptcy within days of pleading guilty and the parties, the United States and Insys, the Insys corporate entities, have reached an agreement that the $2 million fine, the $28 million forfeiture, and any restitution shall be treated as pre-petition nonpriority general unsecured claims by the United States in the bankruptcy proceeding and paid as such under the Chapter 11 plan or

> Chapter 7 distribution. So I just wanted to put that agreement on the record.

*Id.* at 14-15. Although the plea agreement for Insys Pharma, Inc. provided for payment of $28 million in annual installments over five years, *see* Plea Agreement, *Insys Therapeutics, Inc. et al.*, No. 1:19-cr-10191-RWZ (D. Mass.) at ¶ 8 (ECF #3), the government told the sentencing judge that she did not "need[] to include anything about the five years because upon Insys's filing of bankruptcy, the whole amount becomes immediately due and payable, and it's resolved in the Bankruptcy Court," and that Insys Therapeutics, Inc. would be jointly and severally liable for all payments, Sentencing Tr., *supra*, at 13-14. On information and belief, these complex financial agreements must have been reached as part of Insys's long-running effort to resolve its own criminal case, which included cooperating in Mr. Simon's criminal case and that of his co-defendants.

7. Even assuming that Mr. Simoon could waive this conflict issue, he never provided his effective, informed consent for Weil's concurrent representation of Insys in the bankruptcy proceedings or any other matter.

8. Further, the government never requested a hearing pursuant to *United States v. Foster*, 469 F.2d 1, 5 (1st Cir. 1972), or Fed. R. Crim. P. 44(c), to address this conflict issue. On information and belief, the government never even brought to this Court's attention the undisputed fact of Weil's concurrent representation of Mr. Simon and Insys.

9. Having learned of these developments, Mr. Simon promptly engaged undersigned counsel to represent him going forward. Undersigned counsel appeared

on July 29, 2019 (ECF #937-938), and with leave of this Court, prior counsel from Weil withdrew on August 1, 2019 (ECF #940-942, 944-946).

10. "The Sixth Amendment guarantees the right to conflict-free counsel." *United States v. Ponzo*, 853 F.3d 558, 574 (1st Cir. 2017). "Unlike ineffective assistance claims governed by *Strickland v. Washington* – a case requiring the defendant to show that counsel's performance was deficient and that this defective representation prejudiced the case's outcome – prejudice is presumed if a defendant" can "show that 'a conflict of interest actually affected' the lawyer's 'performance.'" *Id*. at 575. In other words, "a lesser showing of prejudice is enough where ineffectiveness is traced to a conflict of interest . . . that was not identified and properly waived." *United States v. Burgos-Chapman*, 309 F.3d 50, 52 (1st Cir. 2002) (citing *Mickens v. Taylor*, 535 U.S. 162 (2002)). To show an "adverse effect," a defendant must "show that [his attorney] might plausibly have pursued an alternative defense strategy, and that the alternative strategy was in conflict with, or may not have been pursued because of, [the attorney's] other loyalties or interests." *United States v. DeCologero*, 530 F.3d 36, 77 (1st Cir. 2008) (quoting *United States v. Ramirez-Benitez*, 292 F.3d 22, 30 (1st Cir. 2002)). But the defendant need not "show that the defense would necessarily have been successful if it had been used, but merely that it possessed sufficient substance to be a viable alternative." *United States v. Cardona-Vicenty*, 842 F.3d 766, 773 (1st Cir. 2016) (quoting *Brien v. United States*, 695 F.2d 10, 15 (1st Cir. 1982)).

11. Before this Court imposes sentence on Mr. Simon, it should address the emergent, constitutional issue that his trial counsel had a conflict of interest. "[W]hen a claim of ineffective assistance of counsel," including a conflict claim, "is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding," and "the failure to do so may constitute an abuse of discretion." *United States v. Ortiz-Vega*, 860 F.3d 20, 30 (1st Cir. 2017) (holding "the district court abused its discretion by failing to rule on the merits of [the defendant]'s ineffective assistance claim before sentencing" and remanding for further proceedings) (quoting *United States v. Brown*, 623 F.3d 104, 112-114 (2d Cir. 2010)). Moreover, it would serve the interests of justice and judicial economy for this Court to address the conflict issue now rather than requiring Mr. Simon to proceed through sentencing, complete his direct appeal, and only then, seek post-conviction relief – based on the same conflict issue – from this Court under 28 U.S.C. § 2255.

12. Undersigned counsel will require substantial time to become familiar with the voluminous record in this case and to conduct the necessary diligent investigation of the conflict issue and its impact.

13. As of this filing, undersigned counsel have not yet received Mr. Simon's entire client file from Weil. In addition, on August 1, 2019, counsel requested that Weil provide additional information and evidence relevant to its concurrent represent of Mr. Simon and Insys (as well as any public statements that the firm made

concerning the conflict issue). Weil has responded to that letter, but it has not yet provided the requested materials.

14. On August 1, 2019, undersigned counsel also requested information and evidence from the government concerning the conflict issue, including the timing and extent of the government's knowledge of Weil's concurrent representation and Insys's cooperation against allegedly "culpable individuals," such as Mr. Simon. As of this filing, the government has neither responded to that letter nor disclosed any of the requested materials.

15. Undersigned counsel conferred with counsel for the government concerning this motion for leave. The government does not assent to this motion, because it takes the view that the conflict issue constitutes a new argument that must be brought in a new motion. There can be no dispute, however, that this Court has broad discretion to permit Mr. Simon to supplement his pending motion.

WHEREFORE, Mr. Simon respectfully requests that this Court grant leave for Mr. Simon to supplement his pending new trial motion in order to raise the conflict issue and that it permit Mr. Simon until October 4, 2019, to file his supplemental memorandum.

Respectfully submitted,

*/s/ Daniel N. Marx*

William W. Fick, Esq. (BBO # 650562)
Daniel N. Marx, Esq. (BBO # 674523)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
*dmarx@fickmarx.com*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 5, 2019.

*/s/ Daniel N. Marx*
Daniel N. Marx