UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| v. | * Criminal Action No. 16-cr-10343-ADB |
| RICHARD SIMON, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**

BURROUGHS, D.J.

Currently before the Court is Richard Simon's ("Simon") motion for reduction of sentence. [ECF Nos. 1559, 1563]. For the reasons set forth below, the motion is DENIED.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On May 2, 2019, following a 10-week jury trial, Simon was convicted of conspiring to violate the Racketeering Influenced and Corrupt Organizations Act ("RICO") based on his participation in a criminal scheme that incentivized the over-prescribing of an opioid for pain, and then defrauded insurance companies for payment of the prescriptions. See [ECF No. 841]. He was sentenced to 33 months incarceration on March 24, 2020. [ECF No. 1294]. This was a significant departure from his advisory guideline sentencing range, which was calculated at sentencing as 135 to 168 months. See [ECF No. 1166 at 7:8–16]. After having his report date continued numerous times, largely because of the COVID-19 pandemic, Simon ultimately entered prison on April 13, 2021 to begin serving his sentence. See [ECF No. 1446].

Simon filed his *pro se* motion seeking "compassionate release" on July 11, 2022. [ECF No. 1559]. His counsel filed a "Supplemental Memorandum in Support of Motion for Reduction

of Sentence" on July 25, 2022. [ECF No. 1563]. The Government opposed on August 3, 2022, [ECF No. 1564], and Simon's counsel replied on August 8, 2022, [ECF No. 1569].

Simon believes that his release is warranted because most of his co-defendants have already been released, including one who received the same sentence as he did. [ECF No. 1563 at 9–10]. He also cites to his mother's failing health, his own medical issues, and his "extraordinary post-sentencing rehabilitation." [Id. at 10–15; ECF No. 1559 at 3–8].

## II. DISCUSSION

Simon seeks release under 18 U.S.C. § 3582(c)(1). [ECF No. 1563 at 2]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP"). The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and

2

(3) the reduction is consistent with this policy statement[.]

U.S.S.G. § 1B1.13.

Simon has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements.  See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020).  The Court assumes the exhaustion of his administrative remedies.  Beyond that, he must first show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release.  Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

### A.   "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons." United States v. Guzman-Soto, No.

3

18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Here, Simon puts forth no evidence of a debilitating medical condition or compelling medical need for release. He mainly claims that he has serious ear pain and an injury to his wrist and thumb that have been inadequately treated. [ECF No. 1563 at 12–14; ECF No. 1569 at 5]. These issues do not rise to the level of debilitating or indicate a compelling medical need. Moreover, there is nothing in the record to suggest that his medical needs are not or cannot be well managed within USP Atwater where he is currently incarcerated.

Simon, as he did at his initial sentencing, again raises the issue of his mother's health. [ECF No. 1563 at 10–12]. And the Court, as it did at his initial sentencing, reiterates that prison sentences are often harder on family members than on the defendant and does not find that his mother's health is a special circumstance that warrants a further reduction in sentence pursuant to U.S.S.G. § 1B1.13 cmt. n.1(C). See United States v. John, No. 15-cr-00208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020) (family circumstances that warrant granting compassionate release are "truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated[]").

Finally, Simon, in support of his quest for a sentence reduction, cites to his rehabilitative efforts in prison, the fact that many of his co-defendants have already been released, and the "baffling" injustice of the BOP's failure to move him to a halfway house or home confinement, or update his First Step Act credits. [ECF No. 1563 at 4–10]. As noted by Simon, he does not challenge the calculation of his good time, which would effectively strip this Court of jurisdiction, but rather argues that the injustice of his continued incarceration given his behavior, time credits, and the disparity in prison time merits his release. [ECF No. 1569 at 2]. The Court

does not find that any of these things alone or in combination qualifies as an extraordinary and compelling factor that would warrant a sentence reduction.

As Simon noted in his reply brief "[t]he very purpose of section 3582 is to serve as a 'safety valve' to shorten a sentence that, in light of emergent circumstances, now appears too long." [ECF No. 1569 at 3 (quoting U.S. v. Ruvalcaba, 26 F. 4th 14, 26 (1st Cir. 2022))]. At sentencing the Court endeavored to sentence each defendant, including Simon, fairly. Over the objection of the Government, each defendant received a sentence substantially less than that suggested by the Sentencing Guidelines. That sentence was not too long at the time it was imposed and does not appear too long today. It is the province of the BOP to determine whether that sentence should be shortened or the conditions of confinement changed based on the First Step Act, Simon's behavior in prison, or health conditions that cannot be adequately addressed in prison. Although the First Circuit has instructed that District Courts have "discretion, unconstrained by any policy statement currently in effect, to consider whether a prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release," that discretion is not "unbounded[,]" and still requires this Court to find a reason that is both "extraordinary and compelling." Ruvalcaba, 26 F.4th at 23. Following a complete review of the record, the Court does not find that Simon has established reasons that are either extraordinary or compelling to warrant a sentence reduction. See United States v. Salinas-Acevedo, 2021 WL 5919786, at *2 (D.P.R. 2021). Further, the Court disavows Simon's efforts to have it squeeze itself between the province of the BOP and the jurisdiction of 18 U.S.C. 2241.

Thus, the Court finds that Simon has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release, particularly where he has served only approximately 50% of his sentence.

B.     **Dangerousness and the § 3553(a) Factors**

Although Simon has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Simon is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Given the nature of the offenses of conviction and Simon's personal history and characteristics, the Court finds that, if released, Simon would not pose a danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)   the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring Simon's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Simon after he has served approximately half of his sentence is inconsistent with the purposes of sentencing, including punishment and deterrence. The Court applauds his

good use of time in prison, but these efforts do not warrant or justify such a significant reduction of a sentence already considerably below the applicable guideline range.  Additionally, it would send the wrong message to the public regarding the criminal justice system.  Simon's crimes were serious and warrant the sentence imposed.

### III.    CONCLUSION

The Court finds that Simon has failed to meet his burden of demonstrating that compassionate release or a reduction in sentence is justified.  His recourse remains with the BOP or perhaps, another motion with the Court if circumstances change and he has served a much greater percentage of his sentence.  Accordingly, Simon's motion for compassionate release or a reduction of his sentence, [ECF No. 1559], is <u>DENIED</u>.  The Court recognizes the full scope of its authority and declines to exercise its discretion to reduce this sentence.

**SO ORDERED.**

August 29, 2022                                            /s/ Allison D. Burroughs
                                                           ALLISON D. BURROUGHS
                                                           U.S. DISTRICT JUDGE